UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DARNELL WESLY MOON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:15CV142 SNLJ |
| CHARLES H. DOERGE, V, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff to proceed in forma pauperis, as well as the filing of plaintiff's amended complaint. After reviewing the financial information presented with plaintiff's amended complaint, the Court will grant plaintiff's motion to proceed in forma pauperis. However, because plaintiff's claims have been brought before this Court in a prior matter that has previously been dismissed pursuant to 28 U.S.C. § 1915, s*ee Moon v. Unterreiner*, No. 1:15CV160 SNLJ (E.D.Mo.), the Court finds that this action should be dismissed as duplicative. *See Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993) (§ 1915(e) dismissal has res judicata effect on future IFP petitions).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams,* 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes,* 656 F. Supp. 458, 461-63 (E.D.N.C. 1987),

*aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

## Background

In the instant case, plaintiff asserts that four United States Probation Officers - Toni Smith, Mark Unterreiner, Brian Gray, and Charles Doerge - impeded upon his constitutional and religious rights in violation of *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb *et seq.*[1] Plaintiff also names the agents' employer, the United States of America, as a defendant in this action.

Plaintiff states that he is a Muslim and is required to pray at least five times a day in a mosque. He is challenging the terms and conditions relative to his electronic monitoring under the U.S. Probation Home Confinement Program. Apparently, following the recent revocation of his supervised release, plaintiff was placed on electronic monitoring so his probation officer could monitor his movements. Plaintiff claims that the monitoring program is unconstitutional and that defendants are interfering with his religious beliefs by requiring him to state the times he is going to and leaving his mosque and not allowing him to simply sign out from 4 a.m. to 11 p.m.

A review of Court records shows that on March 19, 2008, plaintiff pled guilty to one count of armed robbery and one count of conspiracy to interfere with interstate commerce by robbery, and he was sentenced to seventy-eight months' imprisonment and three years of

---

[1] The Religious Freedom Restoration Act was found unconstitutional by the Supreme Court as applied to states and their subdivisions in *City of Boerne v. Flores*, 521 U.S. 507 (1997) (holding that, as applied to states and localities, Congress had exceeded its power under section five of the Fourteenth Amendment in enacting RFRA). RFRA remains enforceable against the federal government, officers and agencies.

supervised release. *See United States v. Moon*, 1:07CR133 RWS (E.D. Mo.). Plaintiff was released from BOP custody on January 27, 2015. On May 5, 2015, this Court revoked plaintiff's supervised release and sentenced him to four months' imprisonment. *Id.* Plaintiff was then assigned to the Home Confinement Program, under which he was electronically monitored.[2]

**Discussion**

Plaintiff is a frequent litigant before this Court. Currently, plaintiff has six open cases in the Court, although he has brought no fewer than fifteen civil actions before this Court within the last six years. The majority of plaintiff's cases in this Court contain claims and defendants that overlap into one another, most asserting what he believes to be violations of his religious rights.

Plaintiff has brought prior claims against these four agents in previous cases. *See Moon v. Pratte*, No. 1:15CV187 SNLJ (E.D. Mo.), *Moon v. Pratte*, No. 4:13CV2570 JAR (E.D.Mo.) and *Moon v. Unterreiner*, No. 1:15CV160 SNLJ (E.D.Mo.).

In *Moon v. Pratte*, No. 4:13CV2570 JAR (E.D.Mo.) and *Moon v. Pratte*, No. 1:15CV187 SNLJ (E.D.Mo.), plaintiff's similar allegations against Toni Smith were dismissed pursuant to 28 U.S.C. § 1915 review. In *Moon v. Unterreiner*, No. 1:15CV160 SNLJ (E.D.Mo.), plaintiff's similar claims against agents Mark Unterreiner, Brian Gray and Charles Doerge, were also dismissed pursuant to § 1915 review.

In *Moon v. Unterreiner*, No. 1:15CV160 SNLJ (E.D.Mo.), this Court dismissed plaintiff's allegations pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). The Court noted that the conditions of plaintiff's electronic detention are part of the execution of his sentence and plaintiff had not shown, at that time, that his conviction or sentence had been reversed, expunged, invalidated or called into question. *See Savickas v. Walker*, 180 Fed. Appx. 592, 593-594 (7th Cir. 2006) (plaintiff challenging electronic detention was *Heck*-barred from bringing §

---

[2] On October 22, 2015, plaintiff's location monitoring was suspended.

1983 action; by challenging the execution of his home confinement, plaintiff was attempting to do exactly what *Heck* prohibits). Plaintiff's allegations in this case concern his insistence that defendants acted in an unconstitutional manner during the time in which he was under electronic monitoring, and in fact, mirror his allegations of civil rights and religious discrimination as outlined in his prior case before this Court. As such, this case must be dismissed as duplicative of his prior case which is currently on appeal. *See Moon v. Unterreiner*, No. 1:15CV160 SNLJ (E.D.Mo.). As set forth in *Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993), this Court's prior § 1915 dismissal of plaintiff's action has a res judicata effect on his current action before this Court.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** this this action is **DISMISSED AS DUPLICATIVE**. *See* 28 U.S.C. § 1915(e).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 5th day of November, 2015.

                                                         STEPHEN N. LIMBAUGH, JR.
                                                        UNITED STATES DISTRICT JUDGE